UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLARENCE BLACK,

v.  Case No. 2:05-cr-81-FtM-33SPC
     2:10-cv-140-FtM-33SPC

UNITED STATES OF AMERICA.

_____

## **O R D E R**

This cause is before the Court on Clarence Black's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-53). Black's motion to vacate is untimely. Furthermore, a review of the record demonstrates that the motion to vacate has no merit.

### **PROCEDURAL BACKGROUND**

In August 2005, a grand jury in the Middle District of Florida returned an Indictment that charged Black with conspiracy to possess at least five hundred grams of cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846; one count of possession of least 500 grams of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) and 18 U.S.C. § 2; and two counts of possession of a detectable amount of cocaine with intent to distribute it, and distribution of a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. (Doc. cr-5).

Pursuant to a written plea agreement, Black pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount

of cocaine (Count Two), and the Government dismissed the remaining counts. (Doc. cr-25). The Court sentenced Black to 235 months incarceration, to be followed by five years supervised release. (Doc. cr-38). Contrary to Black's assertions, the Court did not depart upward, nor did it sentence Black above the statutory maximum permissible under Count Two. The career offender enhancement was based on the statutory maximum of 40 years. (See Presentence Investigation Report ("PSR") ¶ 33).

## FACTUAL BACKGROUND

In August 2004, Black purchased 904 grams of cocaine from Antonio Payne. (Doc. cr-25 (plea agreement) at 14; PSR ¶¶ 6-8). Upon arresting Black, officers searched the car in which Black had traveled to and from the cocaine purchase and found a loaded .357-caliber firearm. (Doc. cr-25 at 15; PSR ¶¶ 8-9).

Although Black initially indicated that he wished to cooperate with the Government, he ultimately refused to reveal pertinent information about his drug connections. (See Doc. cr-44 at 12-13 (the Government's informing the Court of Black's refusal)). The Government did not file a motion for downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553 in Black's case. Black fell within Criminal History Category VI under the United States Sentencing Guidelines, both because he had an extensive criminal history and because he qualified as a career offender. (PSR ¶¶ 37-53).

At the time Black entered his guilty plea on March 27, 2006, the Court informed Black that Count Two carried a mandatory minimum sentence of imprisonment of five years up to a maximum of forty years. (Doc. cr-51 at 10). Black stated that he understood the penalties and that he understood the possible consequences of entering a plea. *Id.*

At the sentencing hearing on August 3, 2006, Black's counsel did not strenuously

object to Black's being sentenced as a career offender, but did request a downward departure. (Doc. cr-44 at 10). The Court found Black to be a career offender and denied the motion for downward departure. *Id.*

.  **MOTION TO VACATE IS UNTIMELY**

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997); *United States v. Dorsey*, 988 F.Supp. 917, 919 (D. Md. 1998) ("In this case, this means that Dorsey had one year from October 7, 1996, -- the date on which the Supreme Court denied certiorari, in which to file his 2255 motion.").

Since Black did not file a petition for writ of certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the

3

entry of judgment by the Eleventh Circuit. Black's conviction became final on October 10, 2007, when the time for seeking certiorari review had expired;[1] therefore, he had until October 10, 2008, to file a timely section 2255 motion. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255 until expiration of 90-day period for seeking certiorari), *cert. denied*, 537 U.S. 875 (2002). Black did not sign the present motion to vacate until February 26, 2010. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

Black has not presented any exceptional circumstances for tolling the one-year limitations period. Black contends that Ground One is a jurisdictional claim that he can raise at any time. Black's contention is incorrect. His claim in Ground One that the Government was required to file a § 851 enhancement notice before the Court could sentence him as a career offender is not jurisdictional because the Government was not required to file a § 851 notice in Black's case. (See Merits, Ground One, below). Therefore, Black is not entitled to equitable tolling.

Even if the motion to vacate were timely, Black is not entitled to relief on the merits of his claims.

## COGNIZABILITY

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*,

---

[1] In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate. The date of judgment in the Eleventh Circuit was December 28, 2001. (Doc. No. 431)

152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Non-constitutional claims can be raised on collateral review only when the alleged error constitutes a " 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). An allegation that a given sentence is contrary to the sentencing guidelines is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. *See Burke*, 152 F.3d at 1331-32 (collecting cases); *see also United States v. Diaz-Clark*, 292 F.3d 1310, 1316 n.4 (11th Cir. 2002) (expressing doubt whether claim concerning sentencing guidelines misapplication would be cognizable even if not successive). In this case, Black has not raised any constitutional issue, and he has not claimed that any error in this case (assuming that there is one) constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed*, 512 U.S. at 348.

## PROCEDURAL DEFAULT

Black has procedurally defaulted his claims. Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual

5

innocence to excuse the defaults. *McCoy*, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, Black must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant,* 499 U.S. 467, 497 (1991)).[2] To establish prejudice, Black must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. See Frady, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley,* 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Black cannot meet this burden. The manner in which the probation officer calculated the career offender guidelines was information that was available to him before his sentencing proceeding, and Black has not alleged any reason to excuse his failure to raise this claim on direct appeal.

**WAIVER**

Black has waived the right to appeal his sentence, directly or collaterally, on the grounds he raises in this motion to vacate. The right to appeal is statutory and can be waived knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 126 S. Ct. 246 (2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For this Court to enforce an appeal waiver contained in a plea agreement, the Government need only demonstrate either that this Court specifically questioned the

---

[2] That Black waived his right to appeal does not constitute "cause" for failing to take a direct appeal. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001).

defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Williams*, 396 F.3d at 1342; *Bushert*, 997 F.2d at 1351.

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams,* 396 F.3d at 1342; *see also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the complaint underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. *See Williams,* 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic,* 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to

allow his claim would be to "render[ ] meaningless" such plea agreement waivers).

In Black's case, this Court specifically questioned Black about his appeal waiver during the Fed. R. Crim. P. 11 colloquy, and it is clear from the record that Black understood the full significance of the waiver. (Doc. cr-25 at 11-12; Doc. cr-51 at 24-25). Because Black's claims are not based on "(a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution," (Doc. cr-25 at 12), they do not warrant consideration by this Court.

**MERITS DISCUSSION**

Ground One

Black contends that the Government was required to file a § 851 enhancement notice before the Court could sentence him as a career offender. The Government did not file a § 851 notice and it was not required to do so.

While it is true that a district court lacks jurisdiction to enhance a sentence unless the Government strictly complies with the procedural requirements of § 851(a), *Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir.1998),[3] the notice requirements of § 851 did not apply in Black's case. The notice requirements did not apply because Black's prior convictions were used as the basis for a career offender enhancement, rather than a statutory enhancement, and his enhanced sentence fell within the permissible statutory

---

[3] As has been stated: "[u]nless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence...." *United States v. Olson*, 716 F.2d 850, 853 (11th Cir.1983).

range of punishment. *See United States v. Kicklighter*, 2009 WL 3073247 (11th Cir. 2009); *Young v. United States*, 936 F.2d 533, 536 (11th Cir. 1991) ("[T]he Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range.").

Black's attorney was not ineffective in failing to object to the lack of a § 851 notice, as there was no requirement for the Government to file the notice. Even if his attorney should have objected to the lack of notice, Black suffered no prejudice. He was properly enhanced under the Guidelines as a career offender pursuant to § 4B 1.1. Ground One does not warrant relief.

## Ground Two

Black alleges that because he was sentenced to the custody of the Federal Bureau of Prisons, his statutory maximum sentence of imprisonment under Count Two was 25 years. Notwithstanding Black's arguments supporting this claim, Black was sentenced to 235 months, less than 25 years. Accordingly, the sentence did not exceed Black's self-imposed statutory maximum, nor did it exceed the authorized sentence under 18 U.S.C. § 3581(b)(2). Ground Two does not warrant relief.

Accordingly, the Court orders:

That Black's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-53) is denied. The Clerk is directed to enter judgment against Black and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 7, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Jeffrey Michelland
Clarence Black